**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRACEY OLIVIA LINDSEY,**

        **Plaintiff,**

   **v.**                  **Case No. 2:18-cv-18**
                            **Chief Judge Edmund A. Sargus, Jr.**
                            **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Tracey Olivia Lindsey, ("Plaintiff"), brings this action under 42 U.S.C.

§§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security

("Commissioner") denying her applications for social security disability insurance benefits and

supplemental security income.   This matter is before the United States Magistrate Judge for a

Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 7), the

Commissioner's Memorandum in Opposition (ECF No. 12), Plaintiff's Reply (ECF No. 13), and

the administrative record (ECF No. 6).   For the reasons that follow, the undersigned

**RECOMMENDEDS** that the Court **REVERSE** the Commissioner of Social Security's non-

disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence

Four of § 405(g) for further consideration consistent with this Report and Recommendation.

# I.     PROCEDURAL BACKGROUND

Plaintiff protectively filed her applications for a period of disability, disability insurance benefits, and supplemental security income on February 25, 2014.  Plaintiff alleged a disability onset of June 30, 2008.  Plaintiff's applications were denied initially on June 18, 2014, and upon reconsideration on October 17, 2014.  Plaintiff sought a hearing before an administrative law judge.  Administrative Law Judge Jason C. Earnhart (the "ALJ") held a hearing on August 29, 2016, at which Plaintiff, represented by counsel, appeared and testified.  Vocational expert Millie Droste (the "VE") also appeared and testified at the hearing.  At the hearing, Plaintiff amended her disability onset date to June 30, 2011.[1]  On January 31, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  On November 6, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  Plaintiff then timely commenced the instant action.

# II.     THE ALJ'S DECISION

On January 31, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 28-49.)  The ALJ noted that Plaintiff meets the insured status requirements through December 31, 2014.  (*Id.* at 32.)  At step one of the

---

[1]Plaintiff previously filed applications for disability insurance benefits and supplemental security income on September 16, 2009.  Her claim was denied initially on January 8, 2010, upon reconsideration on May 14, 2010, and by an administrative law judge on June 29, 2011.  The Appeals Council denied review on December 7, 2011.

sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2011, the alleged onset date.  (*Id.*)  At step two, the ALJ found that Plaintiff has the following severe impairments: osteoarthritis of the left ankle; left carpal tunnel syndrome; depression; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; left posterior tibial tendonitis/tear and calcaneal varus status-post osteotomy and repair; arthritis knees; migraine headaches; obesity; and asthma/obstructive disease (COPD).  (*Id*. at 32-33.)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.* at 33.)  At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

> [T]he [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following additional limitations: The [Plaintiff] would need a cane for ambulation.  She could frequently climb ramps or stairs.  She could frequently reach overhead with the bilateral upper extremities.  She could frequently handle, finger, and feel bilaterally.  She could frequently push and pull with the bilateral upper extremities.  She could have

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).
[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).

frequent exposure to extreme temperatures, humidity, atmospheric conditions, pulmonary irritants, and noise. She could occasionally balance, stoop, and operate foot controls. She could have occasional exposure to vibrations and occasionally perform commercial driving. She could never kneel, crouch, or crawl. She could never climb ladders, ropes, or scaffolds. She could have no exposure to hazards, such as dangerous machinery or unprotected heights. From a mental standpoint, the claimant could perform simple, routine, repetitive tasks with no fast production pace or strict production demands, and *occasional* interaction with others.

(*Id.* at 36 (emphasis added).)

In assessing Plaintiff's RFC, the ALJ considered the opinion evidence in the record, including the opinions of the state-agency psychologists, Karen Steiger, Ph.D., and David Dietz, Ph.D. The state-agency psychologists found that Plaintiff was "limited to superficial, brief interactions with others." (*Id.* at 148, 189.) They further adopted the mental limitations contained in the prior ALJ decision, finding them consistent with their review of the current medical record. (*Id.* at 148, 169, 189.) The prior ALJ found that Plaintiff is "limited to simple, repetitive, unskilled tasks without fast-paced work or strict production quotas in environments with no more than *superficial* contact with the public, coworkers, or supervisors." (*Id.* at 112 (emphasis added).) The ALJ assigned "significant" weight to the opinions of the state-agency psychologists, explaining as follows:

The undersigned gives significant weight to the State agency psychological consultants' mental assessments, which adopt the prior ALJ decision limitations, as the new evidence does not support greater or additional limitation in the [Plaintiff's] mental functioning. However, the above residual functional capacity states these limitations in policy compliant language, as analyzed here. The above limitations adequately accommodate the [Plaintiff's] mental impairments and the evidence does not support serious deterioration in the claimant's mental functioning since the prior ALJ decision (Exhibits B1A, B3A, B4A, B7A, B8A).

(*Id.* at 46-47.) The ALJ further explained his rationale for Plaintiff's mental RFC as follows:

[T]he residual functional capacity adequately accommodates any limitation stemming from the [Plaintiff's] mental impairments, as analyzed here. While not a full adoption of the prior ALJ decision, the residual functional capacity incorporates the limitations noted by the prior ALJ decision and finds no material

evidence that warrants deviating from the limitations. However, the above residual functional capacity states the limitations in policy compliant terms.

(*Id.* at 46.)

At step five of the sequential process, the ALJ, relying on the VE's testimony, found that considering Plaintiff's age, education, past work experience, and RFC, she can perform jobs that exist in significant numbers in the national economy. (*Id.* at 48.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

In her Statement of Errors (ECF No. 7), Plaintiff raises two contentions of error. First, she contends that the ALJ failed to properly weigh the medical opinion evidence. Within this contention of error, Plaintiff appears to raise a separate issue regarding the ALJ's failure to properly articulate the rationale for his mental RFC determination. In this regard, Plaintiff asserts as follows:

> The ALJ stated that he gave "significant weight" to opinions from non-examining state agency psychologists (Tr. 46). . . . [T]he non-examining psychologists both stated that they adopted mental limitations found in an earlier ALJ decision that does not concern the period at issue on the current application (Tr. 148, 189). While the ALJ stated he gave the greatest weight to these opinions, at the same time he made a contradictory finding earlier in the decision that he did not accept the ALJ's findings regarding Ms. Lindsey's mental limitations found in the earlier decision based on a change in policy on how psychiatric impairments are evaluated that was implemented after that decision (Tr. 32) relying on *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). . . . The ALJ here found changed circumstances based on changes in the law, and therefore, did not accept the earlier ALJ's decision regarding Ms. Lindsey's mental limitations. He cannot both reject the RFC finding made in an earlier ALJ decision and then accept medical opinions relying on that same decision.

(Pl.'s Statement of Errors 20-21, ECF No. 7.) For her second contention of error, Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's credibility. The Commissioner counters that the ALJ properly considered and relied upon the state-agency psychologists' opinions and also properly assessed Plaintiff's credibility. (Def.'s Mem. in Opp. 13, ECF No. 12.)

# III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV.    ANALYSIS

The undersigned finds that remand is required because the ALJ assigned significant weight to the opinions of the state-agency psychologists, which adopted the prior ALJ's mental limitation findings, but failed to adequately explain why certain limitations were altered when incorporated into Plaintiff's mental RFC.

The determination of a claimant's RFC is an issue reserved to the Commissioner.  20 C.F.R. §§ 404.1527(e), 416.927(e).  Nevertheless, substantial evidence must support the Commissioner's RFC finding.  *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010).  When considering the medical evidence and calculating the RFC, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'"  *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted).  An ALJ is required to explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).   In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

Despite assigning significant weight to the state-agency psychologists' opinions and finding that Plaintiff's mental impairments remained largely unchanged since the prior ALJ's decision (R. at 32, 46-47), the ALJ failed to adequately explain why he limited Plaintiff to "*occasional* interaction with others" instead of "*superficial* contact with the public, coworkers, or supervisors."   The terms "occasional" and "superficial" are not interchangeable.  *See Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (citations omitted).  Thus, the absence of any explanation requires remand.  *See, e.g.*, *Barker v. Astrue*, No. 5:09 CV 1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred by failing include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that Plaintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited Plaintiff to no more than *occasional* interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent Plaintiff can interact with co-workers and supervisors"); *Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) ("The ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction.").

Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ assigns significant weight to a particular opinion and states it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

In sum, the undersigned finds that reversal is warranted because the ALJ assigned significant weight to the state-agency psychologists' opinions, which adopted the prior ALJ's

mental limitations, but failed to include a limitation for "superficial" interaction or offer an adequate explanation for how the RFC he assessed accommodated that limitation.

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error if appropriate.

## V.     DISPOSITION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI.     PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
